

FILED IN OPEN COURT
U.S.D.C. Atlanta

JUL 2 4 2018

James N. Hatten, Clerk
By: Deputy Clerk

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JHONNITA L. WILLIAMS | Criminal Indictment<br><br>No. **1  18-CR-281** |

THE GRAND JURY CHARGES THAT:

## COUNT 1

*(Federal Program Theft Conspiracy - 18 U.S.C. § 371)*

1.  From in or about June 2010 to in or about December 2016, in the Northern District of Georgia and elsewhere, defendant JHONNITA L. WILLIAMS (an agent of the Metropolitan Atlanta Rapid Transit Authority), knowingly and willfully conspired, agreed, and had a tacit understanding with others, to commit an offense against the United States, that is – to embezzle, steal, and obtain by fraud money and property worth at least $5,000, under the care, custody, and control of the Metropolitan Atlanta Rapid Transit Authority, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## Background

At all times relevant to this Indictment:

2. The Metropolitan Atlanta Rapid Transit Authority ("MARTA") is the principal public transportation operator in the Atlanta metropolitan area, providing fixed rail and bus service to more than 500,000 passengers per weekday. Formed by Metropolitan Atlanta Rapid Transit Authority Act of 1965, MARTA is

a multi-county local governmental agency with a 2016 annual budget of more than $880 million. During each calendar year from 2010 to 2016, MARTA received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidiary, loan, guarantee, insurance, and other form of Federal assistance

3. Joseph J. Erves worked for MARTA from 1993 to 2017, and served as its Senior Director of Operations from 2013 to March 2017. In that position, Erves oversaw the maintenance of all of MARTA's buses and rail cars.

4. JHONNITA L. WILLIAMS worked for MARTA from 1999 to 2017. Since approximately 2010, WILLIAMS worked for Erves – including serving as his Assistant and Department Administrator.

5. Ferrell Williams served as the owner and registered agent of AA Williams Construction Company, LLC ("AA Construction"), a business incorporated in Cincinnati, Ohio. WILLIAMS and Ferrell Williams were romantically involved.

### Manner and Means

6. From approximately June 2010 to December 2016, WILLIAMS and Erves had numerous fake invoices prepared on behalf of three vendors for MARTA maintenance projects for which no work was performed. WILLIAMS and Erves used the false invoices as bases to authorize payments to the three vendors. Erves (in many cases) and WILLIAMS (in some cases) personally approved the payments to the vendors knowing that the vendors had not performed any work for MARTA.

7. After being paid, the three vendors funneled the money received from MARTA back to Erves and WILLIAMS.

8. WILLIAMS used the money to pay various personal expenses, including the purchase/financing of an approximately 3,000 square foot single-family home with 4 bedrooms and 2.5 bathrooms.

2

## AA Construction

9. Beginning in or about June 2013, WILLIAMS and Erves used AA Construction as a vendor to provide MARTA with maintenance and construction services.

10. During the conspiracy, false invoices were submitted on behalf of AA Construction to MARTA for services it supposedly rendered. In fact, AA Construction performed no services for MARTA.

11. WILLIAMS and Erves used the false invoices as bases to authorize payments to AA Construction. From approximately June 2013 to July 2016, MARTA received and paid nine invoices from AA Construction for amounts totaling approximately $124,000.

## Overt Acts

12. In furtherance of the conspiracy, WILLIAMS and her co-conspirators committed at least one of the following overt acts, in the Northern District of Georgia and elsewhere:

  a. On or about June 19, 2013, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a check for $9,386.88, which Ferrell Williams deposited on or about September 27, 2013.

  b. On or about August 6, 2013, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a check for $9,298.01, which Ferrell Williams deposited on or about October 29, 2013.

  c. On or about October 25, 2013, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a

check for $9,899.87, which WILLIAMS hand collected from MARTA and which Ferrell Williams deposited on or about December 16, 2013.

d. On or about February 26, 2015, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a check for $18,862.00, which WILLIAMS hand collected from MARTA and Ferrell Williams deposited on or about March 26, 2015.

e. On or about April 11, 2015, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a check for $9,901.50, which Ferrell Williams deposited on or about July 2, 2015.

f. On or about October 1, 2015, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. Based on that invoice, MARTA issued AA Construction a check for $19,956.04, which WILLIAMS hand collected from MARTA and which Ferrell Williams deposited on or about November 25, 2015.

g. On or about February 15, 2016, a false invoice was submitted to MARTA on behalf of AA Construction for work and services that were not performed. On or about March 21, 2016, MARTA electronically transferred $5,001.01 to AA Construction.

h. From on or about April 30 to May 1, 2016, two false invoices for $19,956.04 and $22,356.21 were submitted to MARTA on behalf of AA Construction for work and services that were not performed. On or about July 11, 2016, MARTA electronically transferred $42,312.25 to AA Construction.

All in violation of Title 18, United States Code, Section 371.

4

## COUNT 2

*(Federal Program Theft - 18 U.S.C. § 666)*

13. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 12 of this Indictment as if fully set forth here.

14. From on or about August 1, 2013 to on or about July 31, 2014, in the Northern District of Georgia, defendant JHONNITA L. WILLIAMS, being an agent of the Metropolitan Atlanta Rapid Transit Authority, aided and abetted by others, embezzled, stole, and obtained by fraud, at least $5,000 in money and property, under the care, custody, and control of the Metropolitan Atlanta Rapid Transit Authority, a local governmental agency that in the one-year period listed above, received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidiary, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT 3
*(Federal Program Theft - 18 U.S.C. § 666)*

15. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 12 of this Indictment as if fully set forth here.

16. From on or about January 1, 2015 to on or about December 31, 2015, in the Northern District of Georgia, defendant JHONNITA L. WILLIAMS, being an agent of the Metropolitan Atlanta Rapid Transit Authority, aided and abetted by others, embezzled, stole, and obtained by fraud, at least $5,000 in money and property, under the care, custody, and control of the Metropolitan Atlanta Rapid Transit Authority, a local governmental agency that in the one-year period listed above, received benefits in excess of $10,000 under a Federal program involving a

grant, contract, subsidiary, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT 4
*(Federal Program Theft - 18 U.S.C. § 666)*

17. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 12 of this Indictment as if fully set forth here.

18. From on or about January 1, 2016 to on or about December 31, 2016, in the Northern District of Georgia, defendant JHONNITA L. WILLIAMS, being an agent of the Metropolitan Atlanta Rapid Transit Authority, aided and abetted by others, embezzled, stole, and obtained by fraud, at least $5,000 in money and property, under the care, custody, and control of the Metropolitan Atlanta Rapid Transit Authority, a local governmental agency that in the one-year period listed above, received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidiary, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNTS 5 - 6
*(Mail Fraud- 18 U.S.C. § 1341)*

19. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 12 of this Indictment as if fully set forth here.

20. On or about the dates listed in Column B, in the Northern District of Georgia, defendant JHONNITA L. WILLIAMS, knowingly participated in a scheme and artifice to defraud (as described in Count 1) the Metropolitan Atlanta Rapid Transit Authority and to obtain money and property from the Metropolitan Atlanta Rapid Transit Authority by means of a materially false and fraudulent

pretense and representation, and by an omission of material fact for the purpose of executing the scheme and artifice to defraud set forth in Count 1, and knowingly caused the checks listed in Column D, be delivered by the United States Postal Service and a private interstate carrier, from Atlanta, Georgia to LaGrange, Georgia:

| A COUNT | B DATE | C AMOUNT | D CHECK NUMBER | E MERCHANT |
|---------|--------|----------|----------------|------------|
| 5 | 9/20/2013 | $9,386.88 | 691347 | AA Construction |
| 6 | 10/18/13 | $9,298.01 | 692292 | AA Construction |

All in violation of Title 18, United States Code, Section 1341.

### COUNT 7

*(False Statement on Loan Application - 18 U.S.C. § 1014)*

21. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 to 12 of this Indictment as if fully set forth here.

22. WILLIAMS used the money from the Conspiracy alleged in Count 1 to purchase/finance an approximately 3,000 square foot single-family home with 4 bedrooms and 2.5 bathrooms.

23. From on or about April 22 to 24, 2015, in the Northern District of Georgia, defendant JHONNITA L. WILLIAMS, knowingly made a false statement for the purpose of influencing the action of Heritage Bank of the South (now owned by Renasant Bank), an insured depository institution as defined by the Federal Deposit Insurance Act, in connection with a loan, in that – the defendant stated that she received $8,500 as a gift from a family member, when in fact and in truth, the defendant was the source of the $8,500,

All in violation of Title 18, United States Code, Section 1014.

7

## Forfeiture Provision

24. Upon conviction for one or more of the offenses related to federal program theft alleged in Counts 1 through 4 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

25. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

  a. Cannot be located upon the exercise of due diligence;

  b. Has been transferred or sold to, or deposited with, a third person;

  c. Has been placed beyond the jurisdiction of the Court;

  d. Has been substantially diminished in value; or

  e. Has been commingled with other property that cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982 (b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

26. Upon conviction for one or more of the wire fraud offenses alleged in Counts 5 through 6 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

8

27. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

      f.  Cannot be located upon the exercise of due diligence;

      g.  Has been transferred or sold to, or deposited with, a third person;

      h.  Has been placed beyond the jurisdiction of the Court;

      i.  Has been substantially diminished in value; or

      j.  Has been commingled with other property that cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982 (b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

28. Upon conviction for False Statement on Loan Applications as alleged in Count 7 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

29. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

      a.  Cannot be located upon the exercise of due diligence;

      b.  Has been transferred or sold to, or deposited with, a third person;

      c.  Has been placed beyond the jurisdiction of the Court;

      d.  Has been substantially diminished in value; or

e.  Has been commingled with other property that cannot be subdivided

without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982 (b)

and Title 21, United States Code, Section 853(p), and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the

value of the forfeitable property.

A _____*True*_____ BILL

_____
FOREPERSON

BYUNG J. PAK
 *United States Attorney*

JEFFREY W. DAVIS
 *Assistant United States Attorney*
Georgia Bar No. 426418

ALISON B. PROUT
 *Assistant United States Attorney*
Georgia Bar No. 141666

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000